Jos. L. Eastland *et al. v.* R. R. Sneed *et al.*

(*Nashville.* December Term, 1915.)

**TAXATION. Reassessment. Fraud of owner. Presumption. Statute.**

The presumption under Acts 1907, chapter 602, section 30, providing in part that property shall be reassessed for the period provided by law when the owner connives at or fraudulently procures or induces the assessment to be made at less than the actual cash value, "provided, however, in all cases where there is a grossly inadequate assessment, fraud shall be presumed," is not conclusive, but rebuttable.

Acts cited and construed: Acts 1907, ch. 602, sec. 30.

Cases cited and approved: Diamond v. State, 123 Tenn., 348; Brinkley v. State, 125 Tenn., 371; Noe v. Mayor & Alderman, 128 Tenn., 350.

---

### FROM DAVIDSON

---

Error to the Circuit Court of Davidson County.— M. H. Meeks, Judge.

Robinson & Fancher and J. W. McClure, for plaintiffs in error.

W. P. Cooper and E. Shapard, for defendants in error.

Mr. Chief Justice Neil delivered the opinion of the Court.

Plaintiffs in error filed their petition in the circuit court of Davidson county praying for a writ of *certiorari* to remove certain tax proceedings from the State board of equalizers into the circuit court for review. On motion the petition was dismissed for a supposed want of merit.

Several grounds of relief were stated, but we deem it necessary to mention only one. The substance of the allegations as they affect this point was that plaintiffs in error, owning certain tracts of land in White county, had listed them for taxation in the usual way and these lands were assessed in the customary manner by the tax assessor; such valuation having been placed thereon as the officer referred to deemed right and proper, without interference or suggestion from plaintiffs in error; that these assessments were approved in the ordinary way both by the county board of equalizers and subsequently by the State board; that after this time the revenue agent of the State made application to the county trustee to back-assess these lands on the ground that the original assessment was greatly inadequate; that ample evidence was filed showing clearly and fully that plaintiffs in error had been guilty of no fraud in the matter and had not made any misstatement or misrepresentation or been guilty of any deception about the matter, or connived at an inadequate assessment or induced it; that in fact they had nothing to do with the matter further than listing the property

for taxation as the law requires; that in truth one of the tracts was assessed at the same rate at which other lands of the same kind were assessed in the county and the other in excess of that rate; that while said assessments were less than the actual cash value of the lands, they bore substantially the same relation to such actual cash value as prevailed in respect of other lands, not only in the county of White, but in the whole State as well; that on the hearing before the county trustee the State revenue agent conceded that there was no fraud chargeable against the plaintiffs in error, but he nevertheless demanded judgment on the ground simply that the original assessments were very inadequate as compared with the actual cash value; that on such concession of the absence of fraud the county trustee rendered judgment for plaintiffs in error; that thereupon the revenue agent appealed in the name of the State and county of White to the State board of equalizers; that the latter board held that the assessments were grossly inadequate, and that from this circumstance there was a conclusive presumption of fraud against plaintiffs in error, and so in effect failed and refused to consider the evidence filed by plaintiffs in error showing that they had been guilty of no fraud in the transaction, and as a result the State board raised the assessment to sums far in excess of the original assessments, and indeed in excess of the actual cash value.

We are of the opinion that the learned trial judge committed error in denying the petition.

The decision of the question turns on the construction of section 30 of chapter 602 of the Acts of 1907. That section, so far as it is necessary to quote it, reads:

"That any property or properties included in this act shall be back or re-assessed, for the period now provided by law, viz.:

"1—When the same have been omitted from or escaped taxation.

"2—When same has been assessed by the assessor or computed by the board of equalizers at less than its actual cash by reason of any fraud, deception, misrepresentation, misstatement, or omission of full statements of the owner of the property or his agent or attorney.

"3—When the owner of the property connives at or fraudulently procures or induces the assessment to be made by the assessor or computed by the board of equalizers at less than its actual cash value: Provided, however, in all cases where there is a grossly inadequate assessment fraud shall be presumed.

"4—When the owner or his agent fails, refuses, or neglects to list the property to the assessor as required by law."

Under a true construction of this section, when the property has been duly listed and has not been omitted from assessment, there can be no back-assessment, unless frauds of the nature indicated in subsections 2 and 3 be shown. It is true that fraud must be presumed from the mere fact of a "grossly inadequate assessment." That presumption, however, only casts

the burden upon the taxpayer of showing that he was not guilty of fraud in the matter; that he was not guilty of any deception, of making any misrepresentation or misstatement, or of any omission of full statements where the law requires of him such statement, and that he did not fraudulently connive at or procure or induce the making of the grossly inadequate assessment complained of. The presumption is a rebuttable one. It is not conclusive. To construe the presumption as conclusive would result in making the whole clause void, as depriving the taxpayer of a right without due process of law. *Diamond* v. *State,* 123 Tenn., 348, 362, 131 S. W., 666; *Brinkley* v. *State,* 125 Tenn., 371, 385, 143 S. W., 1120; *Noe* v. *Mayor and Alderman,* 128 Tenn., 350, 362, 161 S. W., 485, Ann. Cas. 1915C, 241; 6 Ruling Case Law, p. 462, section 457; 14 Ann. Cas., 734, note.

By treating the presumption as conclusive the board of equalizers in effect deprived plaintiffs in error of their day in court. Their evidence not having been considered they were, to every intent and purpose, turned out of court without a lawful hearing.

Reverse and remand.